IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEILA MCCOY,**

      **Plaintiff,**

      v.

**STATE OF KANSAS, ET AL.,**

      **Defendants.**

Case No. 16-2129-JAR

## MEMORANDUM AND ORDER

On February 29, 2016, *pro se* Plaintiff Leila McCoy filed suit against Defendants State of Kansas, Wanda Handy, Kansas Behavioral Health Sciences Board,[1] and Kim Lee, A.K.A. Pete Andre Clifton, asserting diversity jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff alleges that she is a blind, disabled, and chronically ill person who was kidnapped by Kim Lee, the nephew of her mother's friend, and sexually abused while she was a foster child beginning in 1991. Plaintiff alleges that the State of Kansas failed to protect her as a foster child and as an at-risk adult, and that "KS SRS case workers did nothing to ensure [her] safety" even though they knew Lee had a history of violence. This matter comes before the Court on Defendant State of Kansas' Motion to Dismiss (Doc. 11).[2] Despite receiving additional time to do so, Plaintiff has not responded to the motion and the time to do so has passed. The

---

[1] Plaintiff states in her Complaint that the named Defendants include "Wanda Handy KS Behavioral Health Sciences Board 700 SW Harrison St Ste. 420 Topeka KS 66603." Doc. 1 at 2. It is unclear from this statement whether the Kansas Behavioral Health Sciences Board ("KBHSB") is a separate named Defendant, or merely part of Defendant Wanda Handy's title. The KBHSB has entered its appearance in this case as a "movant," and has informed the Court that it intends to move for dismissal pursuant to Fed. R. Civ. P. 12(b). Reading the Complaint liberally, as the Court must, the Court finds that the KBHSB is a named Defendant.

[2] The motion to dismiss states that it is brought on behalf of "Defendants Kansas Department for Children and Families, formerly Kansas Department for Social and Rehabilitation Services (hereinafter 'Defendant SRS/DCF'), and the State of Kansas." Although Plaintiff's Complaint refers to "KS SRS case workers," the Kansas Department of Children and Families is not a named Defendant in this case. Doc. 1 at 2 (naming defendants to this suit). Therefore, the Court's order applies only to Defendant State of Kansas.

motion can therefore be granted for failure to file a response. The motion can also be granted for lack of subject matter jurisdiction and based on the application of sovereign immunity, as described more fully below.

**I.      Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[3] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.[4]

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[5] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

**II.     Subject Matter Jurisdiction**

The Court also finds that the Defendant State of Kansas must be dismissed for lack of subject matter jurisdiction. If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.[6] Plaintiff alleges that the Court has subject matter jurisdiction on the basis of diversity of citizenship and 28 U.S.C. § 1343. Courts may exercise diversity jurisdiction where the amount in controversy exceeds $75,000 and the suit is

---

[3] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days). Plaintiff's response deadline was extended until May 27, 2016. Doc. 23.

[4] D. Kan. R. 7.4(b).

[5] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[6] Fed. R. Civ. P. 12(h)(3).

between citizens of different states or between a citizen of a state and citizens of foreign states.[7] Here, the Court lacks diversity jurisdiction to hear the dispute between Plaintiff and Defendant State of Kansas, because states are not "citizens" for purposes of diversity jurisdiction.[8]  Thus, the Court turns to whether it has jurisdiction on the basis of § 1343.

Section 1343 provides in relevant part that district courts have original jurisdiction over civil actions brought to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens."[9]  Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has not alleged the violation of any Act of Congress or deprivation of civil rights "under color of state law."

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10]  Thus, if a court can "reasonably read the pleadings to state a valid claim on which the plaintiff, could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[11]  However, a court may not assume the role of advocate for a *pro se* plaintiff, and may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's

---

[7] 28 U.S.C. § 1332(a).

[8] *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97–98 (1972); *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 388 (4th Cir. 2012).

[9] 28 U.S.C. § 1343(a).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (emphasis added).

[11] *Id.*

behalf."[12]  Here, Plaintiff alleges that Defendant failed to protect her from abuse as a foster childand as an at-risk adult, but she does not allege the violation of any specific statute or constitutional right.  The Tenth Circuit has recognized the validity of due process claims brought pursuant to 42 U.S.C. § 1983 by foster children who allege that the state failed to protect them from abuse when they were in the custody of the state, based on the state's "special relationship" with foster children.[13]  Plaintiff, however, does not allege the violation of her due process rights, and as explained above, the Court may not construct a legal theory around Plaintiff's factual allegations.  Thus, the Court finds that it lacks subject matter jurisdiction under § 1343 because Plaintiff has not alleged the deprivation of "any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens."[14]

### III.  Sovereign Immunity

Even assuming that Plaintiff had alleged the deprivation of a constitutional or federal statutory right under a valid legal theory, the Court must dismiss Plaintiff's claims against Defendant based on the application of sovereign immunity.  Here, Plaintiff alleges that the state itself, rather than a state actor, failed to protect her.  "It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent."[15]  This immunity extends to state agencies functioning as arms of the state and applies regardless of

---

[12]*Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110); *Allen v. Briggs*, 331 F. App'x 603, 607 (10th Cir. 2009).

[13]*Schwartz v. Booker*, 702 F.3d 573, 579–585 (10th Cir. 2012).

[14]28 U.S.C. § 1343.

[15]*Hunt v. Colo. Dep't of Corrs.*, 271 F. App'x 778, 781 (10th Cir. 2008) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)).

the type of relief sought.[16]  "[P]ursuant to its powers under Section Five of the Fourteenth Amendment, Congress may enact a statute abrogating a state's Eleventh Amendment immunity if the text of the statute explicitly manifests a desire to do so."[17]  Plaintiff, however, has not pointed the Court to any statute abrogating Defendant's Eleventh Amendment immunity under these circumstances, nor is the Court aware of such a statute.  Indeed, the Supreme Court has held that 42 U.S.C. § 1983—the statute that allows for private suits against state actors for violations of constitutional or federal statutory rights—does not abrogate a state's sovereign immunity.[18]  Further, Defendant has not waived its sovereign immunity.  Thus, sovereign immunity bars Plaintiff's claims against Defendant.  Accordingly, the Court grants Defendant's motion to dismiss.[19]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 11) is **granted**.

**IT IS SO ORDERED.**

Dated: June 30, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[16]*Id.* (citing *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977)); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996) (citing *Cory v. White*, 457 U.S. 85, 90 (1982)).

[17]*Hunt*, 271 F. App'x at 780–81 (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)).

[18]*Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

[19]Defendant also argues for dismissal based on the application of statutes of limitation and statutes of repose.  Because the Court finds that it lacks subject matter jurisdiction and because sovereign immunity applies to any claims against Defendant, the Court does not reach Defendant's additional argument.