IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEILA MCCOY,**

    **Plaintiff,**

    v.

**STATE OF KANSAS, ET AL.,**

    **Defendants.**

Case No. 16-2129-JAR

## MEMORANDUM AND ORDER

On February 29, 2016, *pro se* Plaintiff Leila McCoy filed suit against Defendants State of Kansas, Wanda Handy, Kansas Behavioral Sciences Regulatory Board ("KBSRB"),[1] and Kim Lee, A.K.A. Pete Clifton, asserting diversity jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. § 1343. Plaintiff alleges that she is a blind, disabled, and chronically ill person who was kidnapped by Kim Lee, the nephew of her mother's friend, and sexually abused while she was a foster child beginning in 1991. Plaintiff alleges that the State of Kansas failed to protect her as a foster child and as an at-risk adult, and that "KS SRS case workers did nothing to ensure [her] safety" even though they knew Lee had a history of violence.[2] This Court previously dismissed Defendant State of Kansas.[3] This matter comes before the Court on Defendant Kansas Behavioral Sciences Regulatory Board's Motion to Dismiss (Doc. 29). Defendant KBSRB seeks dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter

---

[1] Plaintiff listed "Wandy Handy KS Behavioral Health Sciences Board 700 SW Harrison St. Ste. 420 Topeka, KS 66603" as a defendant in this matter. It was unclear from the Complaint whether the Kansas Behavioral Health Sciences Board was intended to be a named defendant. Defendant points out that there has never been an entity in the State of Kansas with the name Kansas Behavioral Health Sciences Board. It has always been named Kansas Behavioral Sciences Regulatory Board. This Court, reading the complaint liberally, has determined that KBSRB was a named Defendant. *See* Doc. 28 at 1.

[2] Doc. 1 at 3.

[3] Doc. 28.

jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Although the motion was filed on July 13, 2016, Plaintiff has not responded to the motion and the time to do so has passed. The motion can therefore be granted for failure to file a response. The motion can also be granted for failure to state a claim and lack of subject matter jurisdiction, as described more fully below.

I.      **Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired. Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.[4]

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[5]

Plaintiff filed a notice of change of address with the Court on April 28, 2016.[6] Magistrate Judge James O'Hara ordered that all documents filed after March 17, 2016 be sent to the updated address.[7] Defendant KBSRB filed this motion with the Court on July 13, 2016, and according to the certificate of service, it sent the motion and memorandum in support to Plaintiff's former address.[8] The Court ordered the Clerk of the Court to send Plaintiff the order dismissing

---

[4] D. Kan. R. 7.4(b).

[5] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[6] Doc. 22.

[7] Doc. 23.

[8] Doc. 29 at 2; Doc. 30 at 7.

Defendant State of Kansas, and Defendant KBSRB to send Plaintiff the motion to dismiss and memorandum in support to her updated address on October 11, 2016.[9] Defendant KBSRB filed a notice of service on October 11, 2016.[10] The Court received return mail from Plaintiff's updated address on October 31, 2016 stating that "Commercial Mail Receiving Agency No Longer Authorized to Accept Mail for This Addressee."[11] Although Plaintiff is proceeding *pro se*, a pro se party "must notify the clerk in writing of any change of address . . . . Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."[12] Plaintiff has failed to update her address, and she has been given sufficient notice as of October 11, 2016 of Defendant KBSRB's motion.  She had until November 1, 2016 to respond, and she has not done so.[13]  As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II.     Failure to State a Claim

The claims against Defendant KBSRB in this case are subject to dismissal under Fed. R. Civ. P. 12(b)(6).  To state a claim upon which relief can be granted, the complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[14]  Under the "plausibility" standard that guides this Court, a complaint must contain sufficient factual allegations to give fair notice to the defendant of the grounds of the claim against them.[15] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy

---

[9]Doc. 32.

[10]Doc. 33.  Defendant noted that the motion and memorandum had been sent to the correct address when filed in July 2016, but had been returned to sender at that time.  However, Defendant re-sent the motion and memorandum per the Court's order.

[11]*See* Doc. 35, 36.

[12]D. Kan. Rule 5.1(c)(3).

[13]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

[14]Fed. R. Civ. P. 8(a)(2).

[15]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[16]  Liberally construing Plaintiff's Complaint, as the Court must, there are no factual averments that give fair notice to Defendant KBSRB of the grounds upon which Plaintiff's claims rest.  In fact, Plaintiff only mentions Defendant KBSRB when referring to Wanda Handy as a named defendant.[17]  Plaintiff alleged in her Complaint that Wanda Handy was her biological mother who caused her to enter the foster system.  Defendant KBSRB admits that Wanda Handy currently possesses a Kansas Licensed Addiction Counselor license that has been active since August 2011.  However, no Wanda Handy has ever worked for Defendant KBSRB or served on its Board or Committees.  Nothing in the Complaint mentions Defendant KBSRB's actions in relation to Plaintiff's claims, so it would be nearly impossible for it to respond to the merits in any way.  Thus, the Court finds the Plaintiff states no plausible claim for relief.

## III.    Subject Matter Jurisdiction

The Court also finds that the Defendant KBSRB must be dismissed for lack of subject matter jurisdiction.  If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.[18]  Plaintiff alleges that the Court has subject matter jurisdiction on the basis of diversity of citizenship and 28 U.S.C. § 1343.  Courts may exercise diversity jurisdiction where the amount in controversy exceeds $75,000 and the suit is between citizens of different states or between a citizen of a state and citizens of foreign states.[19]

The Court lacks diversity jurisdiction to hear the dispute between Plaintiff and Defendant

---

[16] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[17] Doc. 1 at 2.

[18] Fed. R. Civ. P. 12(h)(3).

[19] 28 U.S.C. § 1332(a).

KBSRB who is a subordinate agency of the executive branch of the State of Kansas. States are not "citizens" for purposes of diversity jurisdiction.[20] Similar rules have been applied to state agencies. The determination of whether a state agency is a citizen for purposes of diversity of citizenship has generally been based on whether the agency is an arm or alter ego of the state, thus making the state the real party in interest.[21] Consequently, where a state is the real party in interest to an action, the action cannot be maintained in a federal court based on diversity of citizenship.[22] The decision as to whether an agency is an alter ego of a state depends on the analysis of the statutes creating the state agency and the opinions of the state courts bearing on the status of the agency.[23] Many of the decisions on whether a state agency is an alter ego of the state for purposes of diversity of citizenship look to whether the agency is vested with the power to sue or be sued, whether the State would be responsible for a judgment against the agency, and whether it is supervised by the State or any agency thereof.[24]

Here, Defendant KBSRB was created by the legislature to regulate the licensure of several mental health professions in Kansas, including psychologists, social workers, marriage and family therapists, professional counselors, psychotherapists, and addiction counselors.[25] It

---

[20]*Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97–98 (1972); *AU Optronics Corp. v. South Carolina*, 699 F.3d 385, 388 (4th Cir. 2012).

[21]*State Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199 (1929); *State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 563 n.1 (10th Cir. 1999); *Kan. Turnpike Auth. v. Abramson*, 275 F. 2d 711, 713 (10th Cir. 1960).

[22]*Title Guar. Co. v. Allen*, 240 U.S. 136, 140 (1916).

[23]*See Miller-Davis Co. v. Ill. State Highway Auth.*, 567 F.2d 323, 330 (7th Cir. 1977).

[24]*See, e.g.*, *Kan. Turnpike Auth.*, 275 F.2d at 713 (deciding a state agency was not an alter ego of the state because it would pay for its own judgment, it was vested with the power to sue or be sued, and it was not supervised by the State or any agency of the State); *Kansas State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1299–1300 (D. Kan. 2009) (concluding KSU is an instrumentality of the state of Kansas and is not a citizen of any state for purposes of diversity jurisdiction).

[25]K.S.A. § 74-7501; *see also* Doc. 30-1.

does not have the capacity to sue or be sued.[26] Defendant KBSRB is a subordinate agency of the executive branch of the State of Kansas, and board members are appointed by the Governor.[27] All of these facts indicate that Defendant KBSRB is an arm of the state, so it is not a citizen of any state for purposes of diversity jurisdiction. Thus, the Court turns to whether it has jurisdiction on the basis of § 1343.

Section 1343 provides in relevant part that district courts have original jurisdiction over civil actions brought to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens."[28] Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has not alleged the violation of any Act of Congress or deprivation of civil rights "under color of state law."

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[29] Thus, if a court can "reasonably read the pleadings to state a valid claim on which the plaintiff, could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[30] However, a court may not assume the role of advocate for a *pro se* plaintiff, and may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's

---

[26]Doc. 30-1.

[27]K.S.A. § 74-7501.

[28]28 U.S.C. § 1343(a).

[29]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)) (emphasis added).

[30]*Id.*

behalf."[31]

Here, the Court has already decided that there is no jurisdiction under §1343.[32]  Plaintiff alleges that the State of Kansas failed to protect her from abuse as a foster child and as an at-risk adult, but she does not allege the violation of any specific statute or constitutional right.  Plaintiff alleges Wanda Handy, her biological parent, facilitated her entry into the foster care system.  The Tenth Circuit has recognized the validity of due process claims brought pursuant to 42 U.S.C. § 1983 by foster children who allege that the state failed to protect them from abuse when they were in the custody of the state, based on the state's "special relationship" with foster children.[33]  Plaintiff, however, does not allege the violation of her due process rights, and as explained above, the Court may not construct a legal theory around Plaintiff's factual allegations.  Thus, the Court finds that it lacks subject matter jurisdiction under § 1343 because Plaintiff has not alleged the deprivation of "any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens."

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kansas Behavioral Sciences Regulatory Board's Motion to Dismiss (Doc. 29) is **granted**.

**IT IS SO ORDERED.**

Dated: November 17, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[31]*Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110); *Allen v. Briggs*, 331 F. App'x 603, 607 (10th Cir. 2009).

[32]Doc. 28 at 3-4.

[33]*Schwartz v. Booker*, 702 F.3d 573, 579–585 (10th Cir. 2012).